NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
**STEVEN T. MYGRANT, OSB #031293**
Steven.Mygrant@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-00077-IM-5 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| ALEJANDRO ROMAN VELASQUEZ AMADOR, | |
| Defendant. | |

**Introduction**

Defendant collected and delivered drug proceeds for a transnational drug trafficking organization (DTO). Defendant's conduct was essential to the operation of the DTO and allowed a Mexico-based supplier to distribute and profit from the distribution of methamphetamine, heroin, and counterfeit oxycodone pills containing fentanyl in Oregon and other markets in the United States.

**Government's Sentencing Memorandum**     Page 1

While under federal indictment and pretrial supervision, defendant chose to drive while intoxicated and caused a crash that resulted in serious injuries to a passenger in his vehicle and the driver of the vehicle he crashed into. The government agrees with the guideline calculation and criminal history computation as outlined in the PSR. There are no factual disputes between defendant and the government. Due to defendant's offense conduct and pretrial performance, the government will recommend a 57-month sentence of imprisonment to be followed by five years of supervised release and a $100 fee assessment.

## I. FACTUAL BACKGROUND

### A. The Offense Conduct

Beginning in 2020, the Drug Enforcement Administration (DEA) commenced a long-term wiretap investigation into a Mexico-based DTO. On December 31, 2020, investigators intercepted communications in which co-conspirators arranged for defendant to deliver $40,000 in drug proceeds. Investigators observed defendant make the transfer to a co-conspirator.

On February 1, 2021, investigators intercepted communications in which defendant arranged to receive drug proceeds from a co-conspirator. Investigators stopped the courier before the courier could deliver the drug proceeds and seized $19,424 in drug proceeds. Investigators later intercepted communications in which defendant told his co-defendant and father, Roman Velazquez Rodriguez, that he had witnessed law enforcement arrest the courier.

### B. The Charges

Defendant was charged with the first count in a two-count superseding indictment. Count one charged conspiracy to possess with intent to distribute and distribute controlled substances,

to use a communication facility and to maintain drug-involved premises, in violation of federal law. On June 6, 2022, defendant pleaded guilty to this offense.

### C. The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to count one, and in exchange the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility. The parties agree that the following guideline calculations apply, subject to further adjustments by the Court.

| Enhancement | Government's Position |
|---|---|
| Base Offense Level— USSG §2D1.1(c)(5) | 30 (not contested) |
| Safety Valve— USSG §5C1.2 | -2 (not contested) |
| Minor Role Adjustment— USSG §3B1.2 | -2 (not contested) |
| Acceptance of Responsibility— USSG §3E1.1 | -3 (not contested) |
| **Final Offense Level** | **23, CHC I (46 – 57 months)** |

## II. GOVERNMENT'S RECOMMENDED SENTENCE

Defendant's receipt and transfer of drug proceeds allowed the DTO to profit from those struggling with addiction to methamphetamine, heroin and fentanyl. While defendant did not deliver the deadly drugs himself, his conduct was essential to the operation of the DTO. It is only with the flow of drug proceeds that a DTO is able to recruit new members and obtain the supply of drugs and delivery vehicles.

/ / /

/ / /

However, a two-level minor role adjustment is appropriate in light of defendant's limited role in collecting and delivering drug proceeds. Defendant took orders from others and appeared to have little decision-making authority within the DTO.

The government recommends the high-end of the applicable guidelines range due to the seriousness of defendant's pretrial violation. While on supervision, defendant seriously injured two people by driving while intoxicated. While defendant had no criminal history, during the pendency of his federal case he was convicted of multiple state felonies. The parties have agreed to recommend that defendant's federal sentence run concurrently to any sentence imposed in his state case, but a 57-month sentence at the high-end of the guideline range is appropriate in light of the seriousness of defendant's federal offense, defendant's history and characteristics as evidenced by his pretrial performance and the need to deter criminal conduct.

## III. CONCLUSION

Based on the foregoing, the government recommends the Court impose a sentence of 57 months' imprisonment, followed by a five-year term of supervised release, subject to the standard conditions, and a $100 fee assessment.

Dated: August 24, 2022        Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO, OSB #185047
STEVEN T. MYGRANT, OSB #031293
Assistant United States Attorneys